IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) JL SCHWIETERS CONSTRUCTION, INC. ) ) Defendant. ) _____ ) | Civil Action No. _____ **C O M P L A I N T** **Jury Trial Demanded** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to William Staple ("Staple") and Dion Pye ("Pye") who were adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that JL Schwieters Construction, Inc. ("Defendant") discriminated against Staple and Pye when it subjected them to harassment based on their race, African American in violation of 703(a), 42 U.S.C. §2000e-2(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Hugo. Defendant has continuously had at least 15 employees during the relevant time period.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, William Staple and Dion Pye each filed charges with the EEOC alleging violations of Title VII by Defendant.

7. On February 11, 2016, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Staple in violation of Title VII by subjecting him to harassment based on his race. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. On February 11, 2016, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Pye in violation of Title VII by subjecting him to harassment based on his race. The EEOC invited Defendant

to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination. The EEOC and Defendant engaged in conciliation discussions in an attempt to resolve Staple's and Pye's EEOC charges.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on August 30, 2016, the EEOC issued to Defendant a Notice of Failure of Conciliation for Staple's and Pye's charges.

11. All conditions precedent to the institution of this suit have been fulfilled.

12. Defendant is a construction company located in Hugo, MN, and provides both construction labor and lumber building materials for residential and commercial projects throughout the Minneapolis/St. Paul metro area.

13. Since at least September 2012, Defendant engaged in unlawful employment practices at its facility in Hugo, MN, and at various construction sites throughout the Minneapolis/St. Paul, MN, metro area in violation of Section 703(a), 42 U.S.C. §2000e-2(a) by subjecting Staple and Pye to harassment based on their race, African American.

14. Staple worked for Defendant from September 2012 to February 2013 as a carpenter.

15. Pye worked for Defendant from October 2012 to December 2013 as a carpenter.

16. During their employment, Staple and Pye were subjected to harassment based on their race by their white supervisor, a field manager, who frequently made racially derogatory comments and called them the racial slur "nigger." The supervisor routinely

yelled at Staple and Pye telling them to hurry their "black ass" up. In addition, the supervisor made threats of violence towards Staple and Pye and other black people using racial slurs. For example, the supervisor told Staple and Pye that he had a gun and could "shoot a nigger a mile away." The supervisor also made a noose out of electrical wire and told Staple and Pye that he could hang their "black asses." The supervisor also made a cross out of two pieces of wood, and told Staple and Pye that he would burn a cross in their yards.

17. The harassment was witnessed by other supervisors, but no action was taken to stop or prevent the harassment. Pye complained to another supervisor/field manager about the harassment, but no action was taken to stop the harassment. Pye also complained to the safety director, but no action was taken in response to his complaint.

18. The effect of the practices complained of in paragraphs 13-17 above, has been to deprive Staple and Pye of equal employment opportunities and otherwise adversely affect their status as employees because of their race, African American.

20. The unlawful employment practices complained of in paragraphs 13-17 above were and are intentional.

21. The unlawful employment practices complained of in paragraphs 13-17 above were done with reckless indifference to the federally protected rights of Staple and Pye.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's race.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Staple by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-17 above, including medical expenses in amounts to be determined at trial.

D.  Order Defendant to make whole Pye by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-17 above, including medical expenses in amounts to be determined at trial.

E.  Order Defendant to make whole Staple by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-17 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to make whole Pye by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-17 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Staple punitive damages for its malicious and reckless conduct, as described in paragraphs 13-17 above, in amounts to be determined at trial.

H. Order Defendant to pay Pye punitive damages for its malicious and reckless conduct, as described in paragraphs 13-17 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        P. DAVID LOPEZ
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.E.
        5th Floor
        Washington, D.C.  20507


        /s/ John C. Hendrickson
        John C. Hendrickson
        Regional Attorney


        /s/ Jean P. Kamp
        Jean P. Kamp
        Associate Regional Attorney

/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone:  (612) 335-4074
Facsimile:   (612) 335-4044
tina.burnside@eeoc.gov

7